UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4163

CARL LAMONT DEAN, a/k/a Jermaine
Dean,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-46-V)

Submitted: November 12, 1997

Decided: December 5, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr.,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl Lamont Dean pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). As part of his plea agreement he waived his right to appeal his conviction and sentence. After acknowledging that Dean was not yet entitled to a reduction in his sentence based upon substantial assistance, the district court sentenced Dean to 240 months imprisonment, the lowest sentence in the applicable guidelines range, to be followed by a ten-year term of supervised release. Dean appeals his sentence.

Dean's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting that the district court declined to depart downward from the applicable sentence but stating that, in his view, there are no meritorious issues for appeal. Dean's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief; despite receiving an extension of time he has not filed a pro se brief. Because Dean expressly waived his right to appeal, we dismiss the appeal.

The transcript of Dean's Fed. R. Crim. P. 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement.[1] When the district court specifically asked Dean about the waiver, he stated that he understood he was waiving his right to appeal. The plea agreement provided that the waiver did not apply to claims to prosecutorial misconduct or ineffective assistance of counsel. However, Dean does not raise either of these claims, nor does our

_____

[1] See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (holding that a waiver is valid if it is knowing and intelligent).

2

review of the record disclose facts which would support such claims. Accordingly, we find that Dean's waiver is knowing and intelligent.[2]

We dismiss the appeal. Further, we deny Dean's motion to compel his counsel to provide all documents that he alleges are relevant to his appeal. Dean has not demonstrated a particularized need or raised any specific issues in regard to the requested documents, and all documents relevant to this appeal are a part of the record on appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

**2 See United States v. Wessells** , 936 F.2d 165, 167 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

3